| Mariangela Bellini and James Bellini vs. F. Neas, alias, and Ralph Cecca | Eq. No. 7739 |

October 24, 1927.

BAKER, J. Heard on bill, answer in the nature of a cross-bill, and proof.

In this case the complainants, husband and wife, are seeking to have certain attachments on property standing in the name of the wife removed as clouds upon the title, and are also asking for certain relief by way of injunction in connection therewith.

The respondents, in their answer in the nature of a cross-bill, set up that the conveyance to the complainant Mariangela Bellini was in fraud of creditors and ask that she be declared to hold the real estate in trust for the claims of the respondents and that she be ordered to make such conveyances as may be necessary to protect said claims.

In this matter it appears that one Rosa, who has been made a party respondent to the proceedings at the request of the respondents, during October and November 1925 bought merchandise from the respondents.

On November 18, 1925, the said Rosa conveyed to the complainant Mariangela Bellini a piece of property, apparently all he had, at least in the City of Providence, consisting of about ten lots with five houses thereon. The respondents say that they gave credit to Rosa by reason of his owning said property. According to the testimony, this property was taxed in the neighborhood of $20,000 and had upon it mortgages to the amount of about $16,000. The testimony of the respondents is that Rosa had told one of them that the property was worth between twenty and twenty-five thousand dollars and the other that it was worth between twenty-five and thirty thousand. Soon after learning of the conveyance to Mrs. Bellini, the respondents placed attachments in law actions upon the property involved.

The complainants contend that the transaction between themselves and Rosa was entirely bona fide and for valuable consideration and was in no way a fraud upon Rosa's creditors, and that the attachments in question should be removed as clouds upon their title.

The respondents, on the other hand, urge that the conveyance in question was not in good faith and was in fraud of their rights as creditors and desire to have it set aside or their rights protected by having the grantee hold in trust for their claims.

In support of their position the respondents first urge that the conveyance to Mrs. Bellini was voluntary. In this connection it appears that whatever consideration was paid for the transfer from Rosa, was paid by Mr. Bellini. It seems to the Court, however, that the respondents can not take advantage of this as a basis for the relief asked for in their cross-bill. Keeping in mind that these complainants are husband and wife, the Court believes that the complainant James Bellini, who was furnishing the consideration, and who was the actual transferee of the property, had a right to have the title thereto placed in his wife's name if he saw fit to do so.

The next consideration relates to the question as to whether the testimony discloses that there was what can be termed fraud in fact in connection with the transfer. The claim of Mr. Bellini is that for a good many years he knew Rosa and from time to time advanced money to him. Some of these payments ran back as far as 1910, but the great majority of them occurred within about two years of the time of the conveyance. Some of these loans were of a substantial character. For these advances Mr. Bellini testified that in most instances he had notes signed by Rosa which were surrendered when the deed was delivered. This past indebtedness was the consideration for the conveyance in dispute in this case. Apparently the only actual money paid by Mr. Bellini on November 18, 1925, when the deed was executed, was the sum of $550. This payment, however, together with the mortgages on the property, the face of the loans above referred to and the interest thereon, together with an allowance to Mr. Rosa for rent, which will be hereinafter referred to, totals upwards of $27,000, which the complainants urge is ample consideration for the property in question.

The respondents attack the credibility of the testimony relating to the loans and advances referred to above. There is, of course, considerable force to the argument that Mr. Bellini would not let his claim against Mr. Rosa stand for so long a period and would not continue to advance to him substantial sums without security, in view of the fact that the earlier loans remained unpaid. At the same time it seems

proper to keep in mind that these parties are of the same nationality. As such they frequently prefer to do business with each other rather than with the banks or with people who do not speak or understand their own language. The exhibits introduced, and particularly the stubs in the note books of Mr. Bellini, in the judgment of the Court tend to corroborate him. Other matters appear in these books and they do not seem to be self-serving evidence. Further, Mr. Bellini gave his testimony in a way which tended to impress the Court with his sincerity and truthfulness.

In answer to the respondents' argument that Mr. Bellini would not be likely to have these sums to advance to Mr. Rosa, in the opinion of the Court it appears reasonably clear from the testimony that Mr. Bellini was a man of some means. He evidently was a procurer of labor, which position undoubtedly brought him in considerable revenue. He owned some real estate and several members of his family were employed during the period when the majority of these advances were made. On the whole, on this phase of the case, the Court believes that Mr. Rosa did owe Mr. Bellini considerable sums of money and that it can not be said that the consideration for the transfer of the property involved was inadequate, or merely colorable.

It is also worthy of note that at the time the property was conveyed to Mr. Bellini, no suits were pending against Rosa and that he made payments on account to the respondents both shortly before and shortly after the date of the deed.

In the judgment of the Court, the letter written to respondents and signed with Rosa's name, which it is claimed Mr. Bellini wrote for him, is not of great probative value one way or the other. It apparently was written for Rosa at his dictation or suggestion, and the fact that it contains no reference to the conveyance does not necessarily imply fraudulent intent. In fact, a consideration of all the evidence in this case leads the Court to believe that Rosa, by making the conveyance in question, was attempting to protect and prefer his friend who had often assisted him. It is well settled that, outside of the bankruptcy law, a debtor has the right to prefer a particular creditor if he sees fit and that such a preference in and of itself is not a circumstance of suspicion or fraudulent.

Nichols vs. Reynolds, 1 R. I. 30.

R. C. L., Vol. 12, p. 572;

Bump on Fraudulent Conveyances, p. 217.

As far, therefore, as the actual transfer of the property is in question, the testimony would appear, in the judgment of the Court, to show a situation looking toward the giving of a preference to Mr. Bellini rather than a situation where fraud in fact on the other creditors is revealed. If this was the whole situation, perhaps the complainants should prevail, but one circumstance remains for consideration which, in the judgment of the Court, is decisive of the case.

It seems undisputed from the evidence that part of the consideration for the conveyance was that Mr. Rosa should be allowed to remain for two years rent free in one of the houses on the property, and that he should be permitted to have one-half the products of the garden. Mr. Bellini testified that this arrangement was entered into because he did not have $720 more in cash to advance for the property and that the two years' rent was estimated at that figure. The deed under which the property was conveyed was absolute in form and made no reference to any such understanding or arrangement. It is very well settled by the great

weight of authority that any reservations which benefit the grantor in such a situation throw serious question on the bona fides of the whole transaction. This is particularly true of what are called secret reservations. While there are isolated cases holding otherwise, the great weight of authority seems inclined to be that where such secret reservations exist which give an interest, benefit or advantage to the grantor in the property involved, then a conveyance, which upon its face contains no reservation, will be held either conclusively or presumptively to be fraudulent as to creditors. Such fraud has often been referred to as fraud in law or constructive fraud, as distinguished possibly from fraud in fact connected with the transfer. But it is clearly held that it is sufficient to overthrow the transaction.

Corpus Juris, Vol. 27, pages 598, 602, 606;

R. C. L., Vol. 12, pages 543, 545;

Lukins vs. Aird, 6 Wall. (U. S.) 78;

Waite on Fraudulent Conveyances, 3rd ed. Sec. 272.

While, perhaps, the question has not been definitely ruled upon in this State, our Court has unquestionably recognized these general principles.

Austin vs. Sprague Mfg. Co., 14 R. I. 464;

Eichenberg vs. Marcy, 18 R. I. 169;

Robinson vs. McKenna, 21 R. I. 117;

Lennon vs. Parker, 22 R. I. 43.

The complainants in this connection urge that the consideration for the transaction was ample, disregarding the matter of the rent. While possibly this may be true, nevertheless most of the cases on this point hold that the law will not enter upon a calculation of the value of the benefit reserved and that it is suf-ficient as long as it is a substantial interest.

The complainants also attack the decision in the case of Lukins vs. Aird, supra, and refer the Court to the case of Howe Machine Co. vs. Claybourn, 6 Fed. 438. An examination of this latter case shows unquestionably that the decision is based upon the peculiarity of the Michigan statute, which makes the question of intent to defraud a question of fact and not one of law.

In the opinion of the Court, the principle laid down in the case of Lukins vs. Aird, supra, is sound and is in no way affected by the decision in the case of Howe Machine Co. vs. Claybourne, supra.

The question as to whether Rosa could enforce his right to occupy does not seem material. The gist of the situation is that there was reserved to him a substantial right or benefit in the property which he conveyed and that being so, under all the circumstances of the case, fraud in law is conclusively or presumptively found. Such a situation is said by some courts to be a badge of fraud.

The Court therefore finds that, by reason of the reservation involved in this case, the conveyance to Mrs. Bellini is fraudulent as far as the respondents as creditors are concerned.

The complainants' bill is therefore denied and dismissed and the prayer of the respondents' cross-bill is granted.

For complainants: E. J. Noons.

For respondents: Knauer & Fowler, A. A. McCaughin.